BEA, Circuit Judge,
concurring in part, dissenting in part:
I respectfully dissent from the majority’s decision to reverse the district court’s grant of qualified immunity as to the excessive force claim. The district court did not err when it canvassed other hot surface cases to determine whether the offi *278 cers’ conduct here amounted to a clearly established violation of Simpson’s constitutional right to be free from, unreasonable seizure. In assessing qualified immunity, “[i]t is important to emphasize that this inquiry ‘must be undertaken in light of the specific context of the case, not as a broad general proposition,’” Brosseau v. Haugen, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (quoting Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Broad general propositions can establish a “clear” violation “in an obvious case.” Id. However, as the district court noted, this is not such a case. Federal courts have reached different results in cases involving detainees and hot surfaces.[1] This body of case law “undoubtedly show[s] that this area is one in which the result depends very much on the facts of each case.” Id. at 201, 125 S.Ct. 596. “None of them squarely governs the case here; they do suggest that [the officers’] actions fell in the ‘hazy border between excessive and acceptable force.’ ” Id. (quoting Saucier, 533 U.S. at 206, 121 S.Ct. 2151)). Accordingly, I would affirm the district court’s holding that hobbling Simpson on hot pavement to overcome his physical resistance to entering the squad car did not amount to a clearly established violation of his constitutional rights.
I agree with my colleagues that the district court did not err in granting summary judgment on Simpson’s deliberate indifference claim.

. Compare Price v. County of San Diego, 990 F.Supp. 1230, 1235, 1241 (S.D.Cal.1998) (no clearly established constitutional violation where officers left a detainee on hot pavement for several minutes), and Rubio v. Lopez, 445 Fed.Appx. 170, 172-74 (11th Cir.2011) (same), with Howard v. Kansas City Police Dep’t, 570 F.3d 984, 987-91 (8th Cir.2009) (clearly established violation where police officers forced a detainee to remain on hot asphalt for four to six minutes), and Corder v. Denver, 2000 WL 1234846, 229 F.3d 1162 (10th Cir.2000) (unpublished) (same result, where officers pinned down a detainee on a hot manhole cover and might have smelled burning flesh).